UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Edwin A. Towne, Jr., | : | |
| Petitioner, | : | |
| | : | |
| v. | : | File No. 2:86-CR-77 |
| | : | |
| United States of America, | : | |
| Respondent. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 191 and 192)

Petitioner Edwin Towne has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming that his conviction on firearms charges was unconstitutional in light of District of Columbia v. Heller, 128 S. Ct. 2783 (2008). Towne has filed several § 2255 motions in this case, all of which have been denied.

The Second Circuit has instructed that when a district court receives a second or successive § 2255 motion, it should transfer the motion to the Court of Appeals pursuant to 28 U.S.C. § 1631. See Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996). The Second Circuit will certify the motion if it contains "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. If certified, the motion may then be heard by this Court.

Towne's motion is clearly successive. Indeed, he has filed at least five such motions previously. I therefore recommend that his current motion (Paper 191) be TRANSFERRED to the Second Circuit Court of Appeals.

Towne has also moved for appointment of counsel. Because his § 2255 motion is successive, the Court will not determine whether the appointment of counsel is warranted at this time. If the Second Circuit certifies Towne's petition for review, he may again move this Court for the appointment of counsel and the Court will consider the merits of his arguments. For present purposes, however, his motion for appointment of counsel (Paper 192) is DENIED.

Dated at Burlington, in the District of Vermont, this 8th day of April, 2009.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3 & 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).